# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GJERGJI GRAZHDANI,**

    **Plaintiff,**

v.                                                                          Civil Action No. 2:15cv8

**ALLEN HARTMAN DALE,**
**WILKINS TRUCKING INC.,**
**JOHN DOES 1-10, being Fictitious names**
**ABC COMPANY 1-10, being Fictitious names,**

    **Defendants.**

## REPORT AND RECOMMENDATION/OPINION

### I.   Procedural History

On January 22, 2015, Plaintiff Gjergji Grazhdani ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court against Defendants. (Docket No. 1.) That same day, Plaintiff paid the $400.00 filing fee and the Clerk of Court mailed summonses to Plaintiff for purposes of effecting service of process on Defendants. (Docket No. 4.) The next day, January 23, 2015, the Clerk of the Court reissued summonses to Plaintiff because the original summonses did not have Plaintiff's address on them. (Docket No. 5.)

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff had 120 days after the complaint was filed to effect service. Fed. R. Civ. P. 4(m). Rule 4(m) further states that if a plaintiff does not effect service on a defendant within this 120-day period, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. However, the time for service must be extended to an appropriate time "if the plaintiff shows good cause for the failure." Id. According to the Court's calculation, Plaintiff's 120-day deadline to effect service expired on May 22, 2015. The undersigned's review of the docket indicated that Plaintiff had not filed proof of service with the Court as of May 27, 2015. Accordingly, the undersigned entered an Order to Show Cause on May 27, 2015, directing Plaintiff to show cause within fourteen (14) days from the date of that Order as to why his case should not be recommended for dismissal

without prejudice or, in the alternative, to effect service and file proof of such service within fourteen (14) days from the date of that Order. (Docket No. 8.) A review of the docket on May 27, 2014, shows that the copy of the Order to Show Cause was mailed to Plaintiff on May 27, 2015, by certified mail return receipt requested. (Docket No. 8.)

In sum, Plaintiff had 120 days from January 22, 2015, to effect service on Defendants. A review of the docket on June 16, 2015, reveals Plaintiff has not filed proof of service and has he responded to the Order to Show Cause. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice for failure to prosecute.

## II. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested.

DATED: June 17, 2015

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

2